IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM D. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-cv-8702 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| INTERNATIONAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# ORDER

Defendant International Services, Inc. ("ISI") has moved the Court to dismiss the complaint of Plaintiff Kim D. Scott ("Scott") pursuant to Federal Rule of Civil Procedure 12(b)(6). (R.11). For the following reasons, the Court grants Defendant's motion and dismisses the Complaint without prejudice. If Plaintiff intends to pursue her claims, she must file an amended complaint consistent with this Order on or before May 20, 2016. The status hearing set for May 5, 2016 is stricken and reset to May 25, 2016 at 8:30 a.m.

## BACKGROUND

Plaintiff Scott filed this action against former employer ISI in October 2015, alleging unlawful sex discrimination under Title VII of the Civil Rights Act of 1964. (R.1, Compl. at 4, ¶ 9). In her EEOC charge dated June 23, 2015, Scott alleges, "I was hired by [ISI] on or about October 8, 2014 . . . During my employment, I was subjected to a hostile and unprofessional environment. I believe I have been discriminated against because of my sex, female[.]" (*Id.* at 7). The EEOC mailed Scott a Dismissal and Notice of Rights letter on June 29, 2015. (*Id.* at 8).

To support her Title VII claim, Scott attaches a letter entitled "Complaint / Sexual Harassment – Hostile Environment." (*Id.* at 9-10) (the "Letter"). In the Letter, Scott clarifies that she voluntarily quit her job at ISI on November 10, 2014. (*Id.* at 9). She explains that she left because her experience was "uncomfortable, frightening, and emotionally disturbing." (*Id.* at 10). In particular, she notes that: (1) an individual named "Marc" often cursed out salesmen on the telephone; (2) "offensive and unwelcome sexual conversations" were frequent among her co-workers, in particular between "Shawn" and "Dhaval"; (3) "Shawn" used vulgar language "all day"; (4) ISI management failed to break up a "bad argument" where two employees used profanity and threatened harm to each other; and (5) ISI management fired a male employee and cursed at him on his way out of the office. (*Id.* at 9-10).

ISI now moves to dismiss on the basis that Scott has failed to set forth a cognizable claim of sex discrimination under federal pleading standards.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Under federal pleading standards, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). "Specific facts are unnecessary, but the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 832 (7th Cir. 2015).

In reviewing a complaint, the Court must accept all "factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). In addition, the Court must "construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The Court properly considers exhibits attached to the complaint in ruling on a 12(b)(6) motion to dismiss. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014).

## ANALYSIS

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1). The Seventh Circuit has recognized that the "pleading standards in Title VII cases are, of course, different from the evidentiary burden a plaintiff must subsequently meet" at the summary judgment stage. *See Huri*, 804 F.3d at 834.[1] The Title VII pleading standard is, in fact, an "undemanding" one. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). A plaintiff alleging a Title VII hostile work environment claim must only present a story that "holds together." *Huri*, 804 F.3d at 834; *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) ("In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense"); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("little information is required to put the employer on notice of these claims"). If a plaintiff "voluntarily provides unnecessary facts in her complaint," however, "the defendant may use those facts to demonstrate that she is not entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

---

[1] ISI uses legal standards articulated in the case of *Rhodes v. Illinois Department of Transportation*, 359 F.3d 498 (7th Cir. 2004)—a summary judgment case—throughout its brief.

In the four-page complaint form provided by the Northern District of Illinois, Plaintiff checked the box alleging that Defendant "failed to stop harassment." (R.1-1, Compl. at 4, ¶ 12). "In the context of Title VII cases, the word 'harassment' frequently describes the conduct that defines the phrase 'hostile work environment.'" *Huri*, 804 F.3d at 832. To state a Title VII hostile work environment claim, a plaintiff must set forth sufficient factual matter to make it plausible that "(1) she was subject to unwelcome harassment; (2) the harassment was based on . . . [a] reason forbidden by Title VII; (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability." *Id.* at 833-34; *see also Liu v. Cook Cty.*, No. 14-1775, __ F.3d __, 2016 WL 1019324, at *11 (7th Cir. Mar. 15, 2016) (discussing the four elements).

Thus, while sexual harassment is actionable under Title VII, such conduct must be discriminatory. Alleged harassing or offensive conduct—if gender-neutral—is not actionable under Title VII. *See Holman v. Indiana*, 211 F.3d 399, 404 (7th Cir. 2000) ("Title VII is predicated on discrimination. Given this premise, requiring disparate treatment is consistent with the statute's purpose of preventing such treatment . . . to [hold otherwise] would change Title VII into a code of workplace civility, and the Supreme Court has already rejected such an interpretation of Title VII") (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75 (1998)); *see also Pasqua v. Metro. Life Ins. Co.*, 101 F.3d 514, 517 (7th Cir. 1996) ("Harassment that is inflicted without regard to gender, that is, where males and females in the same setting do not receive disparate treatment, is not actionable because the harassment is not based on sex").

In addition, sexual harassment is actionable under Title VII only "when it affects the plaintiff's conditions of employment." *Doe v. Oberweis Dairy*, 456 F.3d 704, 715 (7th Cir. 2006); *see also Onacle*, 523 U.S. at 81-82 ("Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview").

**I.    Discrimination on the Basis of Sex**

ISI first argues that "Scott presents no facts that the alleged conduct was based on her sex." (R.11, Opening Br. at 4). In particular, ISI notes that Scott has failed "to cite one example of an ISI employee speaking directly to [her]" and that her "factual allegations involve conduct towards male employees, not female." (*Id.* at 4, 8). Scott does not dispute this fact. Instead, Scott points to the fact that she classified her employment discrimination as sex discrimination in paragraph 9 of the complaint form. (R.22, Response Br. at ¶ 7; R.1-1, Compl. at 4, ¶ 9). Under "facts supporting the plaintiff's claim of discrimination," however, Scott only references "unwelcome sexual conversations . . . between [her] manager and co-worker." (R.1-1, Compl. at 5, ¶ 13). The complaint form sets forth no factual allegations supporting, implying, or constituting discrimination on the basis of her sex. Nor does it contain any specific allegation that the alleged failure by management to "stop harassment" was motivated by her sex. (*Id.*); *contra Luevano*, 722 F.3d at 1027-29 (reversing 12(b)(6) dismissal where the plaintiff "clearly pled that her supervisor chose not to remedy the situation because her supervisor and [the harassing] co-worker were both males and her supervisor wanted to help him").

3

The Letter fares no better, insofar as it only alleges offensive conduct on the part of male employees and/or managers, directed towards other male employees, managers and/or "salesmen," as well as inaction on the part of "management" in gender-neutral scenarios. Allegations of gender-neutral misconduct in the workplace do not state a claim for Title VII sex discrimination. Contrary to Plaintiff's suggestion, moreover, the Court may look to such gender-neutral allegations to dismiss a Title VII sexual harassment complaint at the pleadings stage. *See, e.g.*, *Holman*, 211 F.3d 399 (affirming 12(b)(6) dismissal where "the complaint simply and clearly says that their supervisor was sexually harassing each of [male and female plaintiff] by asking for sexual favors. As a matter of law, then, neither . . . has a claim for discrimination under Title VII"). The Court does so here. Even construed liberally and in favor of Plaintiff, the Complaint fails to meet the "minimum pleading standard" requiring a Title VII plaintiff to allege, with some factual support, discrimination "on the basis of her sex." *See Tamayo*, 526 F.3d 1074 at 1084; *Luevano*, 722 F.3d at 1028.

## II.     Effect on Plaintiff's Employment Conditions

ISI next argues that "Scott does not even allege that she suffered an adverse employment action." (R.11, Opening Br. at 4). In paragraph 16 of the complaint form, however, Plaintiff requests compensation—among other relief—for her "emotional damages [and] psychological impact." (R.1-1, Compl. at 5, ¶ 16). The Letter further clarifies that Plaintiff quit ISI "because [she] couldn't work in a hostile environment" and because her experience was "uncomfortable, frightening, and emotionally disturbing." (*Id*. at 10). Construed liberally and in favor of Plaintiff, the Complaint contains sufficient factual support to suggest that the alleged conduct interfered with Plaintiff's work and/or otherwise created a hostile work environment. These allegations are sufficient to prevent dismissal under Rule 12(b)(6). *See Luevano*, 722 F.3d at 1027-29 (reversing 12(b)(6) dismissal where the plaintiff alleged emotional and physical distress); *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (noting that Title VII "is not limited to 'economic' or 'tangible' discrimination") (citation omitted). The Court further notes that Plaintiff does not need to allege a tangible employment action on a sexual harassment theory, as currently pled in the complaint form and the Letter. *See id.*[2]

---

[2] To the extent that Plaintiff is alleging supervisor-based harassment (for failure to stop the harassment or otherwise), ISI may be held strictly liable, subject only to an affirmative defense if there was no tangible employment action. *See Luevano*, 722 F.3d at 1028. ISI argues that Scott's harassment claim "must be based on co-employee harassment," which subjects an employer to a different liability standard than supervisor-based harassment. (R.11, Opening Br. at 8-9 (citing *Parkins v. Civil Constructors of Illinois, Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998)). Construed liberally and in favor of Plaintiff, however, the Complaint alleges that ISI "failed to stop harassment" and further complains of management inaction—albeit framed in gender-neutral-terms, as discussed *supra*. Even if the alleged harassment is co-employee-based, moreover, ISI cites no authority for the proposition that Scott's failure to notify ISI of the alleged co-employee harassment mandates dismissal of her claim at the pleadings stage. Here, again, ISI relies on summary judgment decisions. *See, e.g.*, *Parkins*, 163 F.3d at 1035 ("With respect to the extent of the notice given to an employer, a plaintiff cannot withstand summary judgment without presenting evidence that she gave the employer enough information . . ."). These cases further suggest that an employer may be liable where it has *knowledge* of the alleged harassment,

The Court cautions Plaintiff, however, that Title VII "forbids only behavior so objectively offensive as to alter the 'conditions' of [her] employment." *Oncale*, 523 U.S. at 81. In other words, the "harassment must be sufficiently severe that a rational trier of fact could find that it had actually changed the conditions of the plaintiff's workplace, for only sexual discrimination that changes those conditions is . . . actionable [under Title VII]." *Pryor v. Seyfarth, Shaw, Fairweather & Geraldson*, 212 F.3d 976, 978 (7th Cir. 2000). "Male-on-male horseplay or intersexual flirtation" does not constitute actionable harassment. *See Oncale*, 523 U.S. 75 at 81. The "occasional vulgar banter, tinged with sexual innuendo, of coarse or boorish workers" does not constitute actionable harassment. *See Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1013 (7th Cir. 1997).[3] While the Court cannot—and need not—make this "sufficiently severe" determination at the pleadings stage, *see Huri*, 804 F.3d at 834, the Court urges Plaintiff to consider whether her claims will ultimately reveal evidence tending to support liability for harassment under Title VII.

For now, in view of the liberal construction afforded to pro se complaints and the Seventh Circuit's re-affirmation of minimal pleading standards for Title VII cases, even in light of *Twombly* and *Iqbal*, *see Luevano*, 722 F.3d at 1028, the Court finds that Plaintiff has adequately alleged that the complained-of conduct created a hostile work environment under Title VII.

## III.  Dismissal Without Prejudice

As noted above, however, Plaintiff has failed to sufficiently allege discrimination "on the basis of sex" as required under the notice pleading standard applicable in Title VII cases. *See Luevano*, 722 F.3d at 1027-28. Contrary to ISI's suggestion, though, Plaintiff has not "pled herself out of court." She has not included "factual allegations that establish an impenetrable defense to [her] claims," *see Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 650 (7th Cir. 2006), nor has she established that she "has no legal claim." *N. Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). In view of the liberality with which courts approach pro se complaints, the Court dismisses the Complaint without prejudice. *See Tate*, 809 F.3d at 346.

---

independent of a plaintiff's notice. *See, e.g.*, *id.* ("employers are liable for a co-employee's harassment only when they have been negligent either in *discovering* or remedying the harassment") (emphasis added). The Court, therefore, is not convinced by ISI's arguments on this issue.

[3]  In determining whether the alleged conduct is enough to alter the conditions of a plaintiff's employment, courts look to the "totality of the circumstances, including but not limited to the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Murray v. Chicago Transit Auth.*, 252 F.3d 880, 889 (7th Cir. 2001) (citations omitted).

## CONCLUSION

For the stated reasons, the Court grants Defendant's motion and dismisses the Complaint without prejudice. If Plaintiff intends to pursue her claims, she must file an amended complaint consistent with this Order on or before May 20, 2016.

**Dated:** April 28, 2016

_____
AMY J. ST. EVE
United States District Court Judge